THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* CARRASQUILLO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Aggravated Assault and Battery.

No. 760.—Decided February 25, 1915.

INFORMATION—OATH—PRESUMPTION.—The complaint in this case is entitled ''Juzgado de Paz de Gurabo'' and appears to have been sworn to before ''Francisco Carreras, Juez de Paz.'' *Held:* That the presumption is that Francisco Carreras was the Justice of the Peace of Gurabo until the contrary is shown.

JUDICIAL NOTICE—JUSTICE OF PEACE.—According to section 36, subdivision 5, of the Law of Evidence, judicial notice may be taken of the appointment and official signature of a justice of the peace.

COMPLAINT—OATH—OBJECTION—WAIVER.—When the transcript of the record fails to show that any objection was made to the complaint in the district court or in the municipal court on the ground of defects in the oath thereto, the defendant must be considered as having waived such defects and he cannot raise this question for the first time in the Supreme Court.

The facts are stated in the opinion.

*Mr. Salvador Mestre, fiscal,* for The People.

*Mr. Francisco González* for the appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

The only error alleged in this appeal is that the District Court of Humacao committed an error in trying the defendant without a sworn complaint. The complaint and its alleged jurat are as follows:

"*The People of Porto Rico* v. *Emilio Carrasquillo.* Justice of the Peace Court of Gurabo, P. R.

"I, Francisco Vélez Ortiz, Insular policeman No. 164, residing in Gurabo, P. R., on Telégrafo Street, No. 31, 32 years of age, file this complaint against Emilio Carrasquillo for the crime of assault and battery with aggravated circumstances, committed in the following manner: That on June 5, 1914, at 8 a. m., and on San José Street, of Gurabo, P. R., which forms a part of the Municipal Judicial District of Humacao, P. R., the aforesaid defendant voluntarily, illegally, maliciously, and with the intention of causing him great bodily harm, assaulted and wounded with a razor José Manuel Aranga, causing him a serious wound upon his back that required medical attendance at the municipal hospital. And this act being contrary to the law for such cases provided and against the peace and dignity of The People of Porto Rico, I file this complaint against him before the court for the proper legal proceedings. (Signed) Francisco Vélez Ortiz, I. P. No. 164. Sworn to before me_____ of_____191___. (Signed) Francisco Carreras, Justice of the Peace of_____."

The appellant alleges that the jurat is insufficient because it does not appear before what officer the oath was taken, nor the time and place.

We doubt if the date of a complaint is necessary so long as the complaint is actually sworn to before a proper officer. The latter could prove the date *aliunde* if necessary.

The complaint is entitled "Juzgado de Paz de Gurabo" and signed "Francisco Carreras, Juez de Paz de _____." The presumption would be, until the contrary appeared, that Francisco Carreras was the justice of the peace of Gurabo. Moreover, we think we may take judicial notice that Francisco Carreras was justice of the peace of Gurabo. Section

36, paragraph 5, of the Law of Evidence provides as follows:

"Section 36.—Courts shall take judicial notice of the following facts:

"5. The accession to office and the official signatures and seals of office of the principal officers of government in the legislative, executive, and judicial departments of Porto Rico, and of the United States."

Incidentally, these considerations would dispose of the question that the complaint was not sworn to before the proper officer.

But all these questions are to be considered waived by an appellant unless he raises them in the district court. Perhaps he should have raised them in the municipal court. In any event, as the record fails to disclose any objection to the complaint in the district court or municipal court, the appellant must be held to have waived these alleged defects. This principle is supported by numerous authorities. *People* v. *Aponte et al.*, 9 P. R. R., 345; *People* v. *Rodríguez*, 12 P. R. R., 176; *People* v. *García*, 18 P. R. R., 554; 12 Cyc., 296.

The judgment must be

*Affirmed.*

Jutices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.